UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:14-CR-00031-TBR

UNITED STATES OF AMERICA                                                                    Plaintiff,

v.

COREY THOMPSON                                                                              Defendant.

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon Defendant Corey Thompson's Motion to Compel Pretrial Disclosure of Witness Identity & Telephone Recordings. (Docket No. 39). The Government has responded. (Docket No. 42). Fully briefed, this matter is now ripe for adjudication. For the reasons set forth below, the Court will DENY Thompson's Motion.

**Analysis**

Thompson seeks to require the Government to disclose "all witnesses participating in and all telephonic call recordings made" during its investigation of the offenses listed in the indictment. (Docket No. 40 at 1.) He points to the Government's obligation to timely produce the statements of adversarial witnesses who are expected to testify at trial. He further notes that Federal Rule of Criminal Procedure 16(a) requires the Government to disclose statements and documents relevant to trial preparation, including the Defendant's own statements and any documentation generated by law enforcement that may be admitted.[1]

---

[1] Thompson further relies upon 28 U.S.C. § 530B and Kentucky Rule of Professional Responsibility 3.8(c) for the proposition that the Government must disclose such evidence. Rule 3.8(c) obligates a prosecutor to:

> [M]ake timely disclosure to the defense of all evidence or information known to the prosecutor that tends to negate the guilt of the accused or mitigates the offense, and, in connection with sentencing, disclose to the defense and to the tribunal all unprivileged mitigating information known to the prosecutor, except

1

According to Thompson, the Government's discovery reveals that on March 5, 2014, a confidential informant participated in a telephone conversation regarding a "firearms reversal." The Government provided to Thompson a digital recording of this conversation. However, the recording fails to make plain the identity of the other parties to the conversation. (Docket No. 40 at 3.) Thompson argues that such information is of particular importance, as the confidential informant apparently intended only to participate in a firearm reversal with Demetrus Davis, Thompson's Co-Defendant. Contrary to the Government's allegation that the firearm reversal involved both Defendants, Thompson contends that the confidential informant did not know Thompson at the time of the recording. (Docket No. 40 at 3.)

Accordingly, Thompson demands two specific disclosures. He first seeks the identities of any law enforcement officers and/or lay witnesses who participated in this conversation. He further seeks the disclosure of any recordings and written reports "reflecting the [conversation's] substance and content." (Docket No. 40-1.)

*Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny define the scope of the Government's obligation to "turn over material that is both favorable to the defendant and material to guilt or punishment." *United States v. Bencs*, 28 F.3d 555, 560 (6th Cir. 1994). *Brady* does not demand that the prosecutor "deliver his entire file to defense counsel," instead requiring only that he "disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial." *United States v.*

---

when the prosecutor is relieved of this responsibility by a protective order of the tribunal.

Thompson cites no controlling authority interpreting the obligations imposed by this ethical rule; however, the Supreme Court has held that a prosecutor's ethical or statutory obligation to disclose evidence favorable to the defense may be broader than *Brady*'s mandate to disclose material evidence pursuant to the Fourteenth Amendment. *See Cone v. Bell*, 556 U.S. 449, 470 n.15 (2009) ("[T]he prudent prosecutor will err on the side of transparency, resolving doubtful questions in favor of disclosure.") (citations omitted). In any event, however, the constitutional contours of the pretrial duty to disclose are set forth in *Brady*, statutory law, and the Jencks Act, rather than in a state's ethical rules.

*Presser*, 844 F.2d 1275, 1281 (6th Cir. 1988) (quoting *United States v. Bagley*, 473 U.S. 667, 675 (1985)). Exculpatory and impeaching evidence must be produced "in time for use at trial." *Id.* at 1285.

The Jencks Act institutes additional procedures for the exchange of such information, establishing that after a government witness's testimony, the Defendant can request that the Court order the Government to produce certain documents related to the subject matter of that witness's testimony. 18 U.S.C. § 3500(a), (b). But these materials may not be compelled from the Government until after the witness has testified. *United States v. Algie*, 667 F.2d 569, 571 (6th Cir. 1982). Rule 16(a)(2) exempts from discovery "reports, memoranda, or other internal government documents made by an attorney for the government . . . in connection with investigating or prosecuting the case" unless the allowed by express provision. *See United States v. Conder*, 423 F.2d 904, 910 (6th Cir. 1970) ("Rule 16(b) specifically exempts from pretrial discovery the statements of government witnesses.").

Where impeachment evidence of Government witnesses falls within the ambit of the Jencks Act and *Brady*, the information may be withheld until after the witness's testimony. 18 U.S.C. § 3500(b); *United States v. Presser*, 844 F.2d 1275, 1282 (6th Cir. 1988) ("[N]either *Giglio* nor *Bagley* alter the statutory mandate that any 'statement' in the government's possession related to the subject matter of a government witness's testimony shall not 'be the subject of a subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.'") (quoting 18 U.S.C. § 3500(a)).

The Government avers that during the discovery process, it has disclosed all recordings obtained in this case and has further informed Thompson that Special Agent Mick Stengel participated in the call. (Docket No. 42 at 1, 2.) Moreover, the Government has repeatedly acknowledged its disclosure obligations pursuant to *Brady*, Rule 16, and the Jencks Act, 18 U.S.C. § 3500. Having provided Thompson with the information required at this time, the Government need not deliver more. The Court trusts that the Government will make any as-yet undiscovered *Brady* or Jencks Act material available to defense counsel in a timely and professional fashion "in time for [their] 'effective' use at trial." *Presser*,

844 F.2d at 1283. As stated in its prior Orders, the Court strongly encourages early disclosure of such information.

**Conclusion and Order**

Having considered Thompson's Motion and being otherwise sufficiently advised, consistently with the foregoing discussion, IT IS HEREBY ORDERED that Thompson's Motion to Compel Pretrial Disclosure of Witness Identity & Telephone Recordings, (Docket No. 39), is DENIED.